### SIMS *v.* MAY.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. FACTORS AND BROKERS—DELEGATION OF AUTHORITY.
   Where plaintiff agrees with one of a firm to buy and sell stocks on joint account, the purchases and sales to be made by the firm, the latter, when a sale has been determined upon, has a right to employ a subagent for that purpose; and where the stock is sold at the market rates, and the order is faithfully carried out, it is as if made by the firm.

2. EQUITY—CANCELLATION OF INSTRUMENT—PROMISSORY NOTES—EVIDENCE—BURDEN OF PROOF.
   Where plaintiff has given his note in settlement of an account, in an action to have note declared invalid as given without consideration, the burden is on him to show that the accounts are incorrect.

3. SAME.
   Where plaintiff has given his note for a loss made by the sale of stock at his request, in an action to have the note declared invalid as given without consideration, the burden is on him to show that the sale has not been made.

Appeal from special term, New York county.

George V. Sims, plaintiff, sued Lewis May, as assignee of J. J. Cisco & Son, defendant. Judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Maurice Meyer,* for appellant. *Dos Passos Bros.,* for respondent.

VAN BRUNT, P. J. This action was brought to have a certain note given by the plaintiff to the assignors of the defendant declared invalid, as given without consideration. The complaint, among other things, alleged a certain agreement with one Frederick W. Foote, a member of the firm of John J. Cisco & Son, the defendant's assignors, whereby said Foote and plaintiff should join in the purchase and sale of stocks on joint account and risk; that all the purchases should be made by and through the said firm, and the account kept in plaintiff's sole name; that, in pursuance of said agreement, the plaintiff deposited various sums of money to the credit of said account, and was informed by said Foote verbally that certain purchases and sales of stock had been made; that in March, 1884, Foote represented that these transactions had resulted in large loss, and that his plaintiff's share of such loss was $2,605.63 over and above all credits; that the plaintiff, believing said statement, gave his note therefor, bearing date April 1, 1884, and payable six months after date; that, after the assignment of John J. Cisco & Sons to the defendant, the plaintiff demanded a copy of the account, which was furnished, and he then discovered for the first time that he had not received credit for two payments, aggregating $4,320.31, and he thereupon refused to pay said note, and demanded its return. The answer substantially admitted the giving by the plaintiff of his note to balance his account, and admits that the plaintiff was not given credit in this account for the said sum of $4,320.31, but alleges that the same were credited in another account, a copy of which was furnished to the plaintiff, and to balance which these payments were made. The answer thereupon declared upon said note of $2,605.63 as a counter-claim, and demanded judgment therefor. Upon the trial, the whole controversy between the parties was entirely changed, and the plaintiff endeav-

ored to sustain his action by proof that 500 shares of the stock of the Northern Pacific preferred had been sold by Floyd, Jones & Co. instead of John J. Cisco & Son, and that he had no knowledge that the sale had been made by Floyd, Jones & Co. The testimony shows that the sale was made by order of Foote, who had the authority to give such order; but it is claimed that the firm of John J. Cisco & Son had no power to give the order to another firm to execute, upon the ground that the execution of the order involved an exercise of discretion, and that it was of the character of a trust, and in its nature personal. In this contention we think the plaintiff has taken an erroneous view of the relations of the parties. There was certainly a discretion vested as to whether a sale should be made or not; but, when a sale had been determined upon, the discretion had been exercised, and the execution of the order involved the exercise of no discretion whatever. It was not necessary that a member of the firm of John J. Cisco & Son should personally make such sale. They had the right to employ a subagent for that purpose. The sale would then be through the firm, as required by the agreement claimed by the plaintiff. There is no pretense that the stock was not sold at the market rates, or that the order was not faithfully carried out. The claim made that, because Mr. Floyd Jones attended upon the employment of John J. Cisco & Son to the borrowing of this stock, no liability was incurred, is equally without foundation. The plaintiff knew of the payment of these sums, and liquidated the account, and if there was an error therein he was bound to show it. The plaintiff seems to assume that because he has shown that this note was given for the balance appearing upon these accounts, that, therefore, the burden is thrown upon the defendant to show that these accounts are correct. After the giving of this note, the burden was upon the plaintiff to show that these accounts were incorrect. The giving of the note was an admission of their verity, and the plaintiff was bound to attack them. This he has not attempted to do, except so far as he has done by claiming that the firm of John J. Cisco & Son had no power to make the sale of stock by Mr. Jones, and, as we have seen, this claim is not well founded. The only exception to evidence to which our attention is called is that taken to the evidence of Mr. Jones proving the sale of this stock. This exception cannot avail the plaintiff, even if well taken. If we strike out this evidence, it is true there would be no proof that the sale had been made; but there would be no proof that the sale had not been made, and as in view of the admission by the plaintiff by the giving of his note that the sale had been made, in the absence of all evidence upon the subject, the conclusion must necessarily be in accordance with the admission. The judgment must therefore be affirmed, with costs.

BRADY and BARTLETT, JJ., concurring.